UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE M. CARTEGENA,

        Plaintiff,

v.                                  Case No:  2:18-cv-734-FtM-99MRM

SALSON LOGISTICS, INC. and
DAVID D. LOYD,

        Defendants.

_____/

**ORDER**[1]

Before the Court is Defendant Salson Logistics, Inc.'s Notice of Removal.  (Doc. 1).  Plaintiff Denise M. Cartegena sued Salson and David D. Loyd in state court after she was injured in a car accident.  (Doc. 1-2).  Salson then removed the case to this Court citing diversity jurisdiction as the basis for subject matter jurisdiction.  (Doc. 1).  Loyd has not yet been served and thus did not consent to the removal.

A defendant may remove a civil case from state to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  To have original jurisdiction, there must be a complete diversity of citizenship between the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The removing party must prove jurisdiction at the time of removal.  *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Because federal courts have limited jurisdiction, they are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Courts construe the removal statutes strictly and resolve all doubts about jurisdiction in favor of remand to the state court. *Id.* "Where there is any doubt concerning jurisdiction of the federal court on removal, the case should be remanded." *Estate of Ayres ex rel. Strugnell v. Beaver*, 48 F. Supp. 2d 1335, 1339 (M.D. Fla. 1999) (internal quotations omitted).

Here, Salson has fallen short of satisfying the threshold amount in controversy. When, as here, a plaintiff pleads an unspecified amount of damages, the removing defendant must prove by a preponderance of the evidence that the claim on which jurisdiction is based exceeds the jurisdictional minimum. *Id.* This requirement is "warranted because there is simply no estimate of damages to which a court may defer." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069, 1072-77 (11th Cir. 2000). In some cases, "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II. Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). In deciding whether the amount-in-controversy requirement is met, the court "focuses on how much is in controversy at the time of removal, not later." *Pretka*, 608 F.3d at 751. A court may not speculate or guess as to the amount in controversy. *See id.* at 752. But "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other

reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061-62 (internal quotations omitted). Indeed, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.*

Salson says the jurisdictional threshold is met because of Cartegena's injuries (back, neck, concussion, dizziness, headaches, bruising, abrasions, and lacerations), $40,706.52 in medical bills to date, roughly $3,000 in lost wages, and admission that her damages exceed $75,000. (Doc. 1 at ¶ 4-5; Doc. 1-26 at ¶ 3; Doc. 1-29 at ¶¶ 8, 10, 11). The Court disagrees. The amount in controversy is not facially apparent from the Amended Complaint. And Salson's conclusory statements that the jurisdictional amount is satisfied is not enough. For example, the Amended Complaint generally lists "pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition," but it does not support these general allegations with specific facts, injuries, jobs, careers, or dollar amounts. (Doc. 1-2 at ¶¶ 10, 11, 13). Cartegena's discovery responses do nothing to clarify the specifics of her alleged injuries, disability, disfigurement, and mental anguish. Cartegena's admission on the amount in controversy also does not save the removal. An "admission, which is a mere conclusion, (1) provides no factual basis to support the jurisdictional amount (that is, provides no basis for the damages claimed) and (2) fails to relieve the removing party of the obligation to establish facts supporting the existence of federal jurisdiction." *Parrish v. Sears, Roebuck & Co.*, No. 8:10-cv-1684-T-23MAP, 2010 WL 3042230, at *1 (M.D. Fla. 2010) (stating that "[t]he sole evidence of the jurisdictional

amount is an unsupported and speculative response to a request for admissions"). Contrary to Salson's position, it is not "obvious that [Cartegena's] claimed injuries and damages in this matter exceed" the jurisdictional requirement. (Doc. 1 at ¶ 5E). Rather, the Court can only speculate whether the amount in controversy exceeds $75,000.

That said, even if the Court assumed it had diversity jurisdiction, it is unclear whether this case belongs in the Fort Myers Division of the Middle District of Florida. The Amended Complaint says that Cartegena "at all material times, was an individual who resided in Osceola County, Florida" and the underlying car accident occurred in Highlands County, Florida. (Doc. 1-2 at ¶ 2, 5). Neither of those counties are in the Fort Myers Division. *See* Local Rule 1.02 (listing Osceola County as part of the Orlando Division). Beyond Cartegena being treated for her injuries in Lee County and living in the county, it is questionable whether the Fort Myers Division has the greatest nexus to this case.[2]

Accordingly, it is now **ORDERED:**

Defendant Salson Logistics, Inc. must **SUPPLEMENT** the Notice of Removal as set forth in this Order on or before **November 23, 2018**, to show cause why this case (a) should not be remanded for lack of subject matter jurisdiction, and (b) belongs in the Fort Myers Division. **Failure to comply with this Order will result in this case being remanded without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of November 2018.

**SHERI POLSTER CHAPPELL**
**UNITED STATES DISTRICT JUDGE**

Copies: All Parties of Record

---

[2] This case is currently before the unassigned district judge. Although the undersigned is monitoring this case, the undersigned has been only active district judge in the Fort Myers Division since June 2015 and will be so the foreseeable future.