UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DENISE M. CARTEGENA,

    Plaintiff,

v.                                      Case No: 2:18-cv-734-FtM-99MRM

SALSON LOGISTICS, INC. and
DAVID D. LOYD,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Salson Logistic, Inc.'s Response to Court's Order to Show Cause (Doc. 17), and Plaintiff Denise M. Cartegena's reply (Doc. 21). For the reasons below, the Court finds that Salson has not met its burden on subject matter jurisdiction.

This negligence suit stems from a car accident in Highlands County, Florida. Cartegena first sued Salson and David D. Loyd in state court for his injuries. (Doc. 9). Salson removed the case to this Court citing diversity jurisdiction as the basis for subject matter jurisdiction. (Doc. 1). The Court then ordered Salson to supplement its Notice of Removal to show why the case (1) should not be remanded for lack of subject matter jurisdiction; and (2) belongs on the Fort Myers Division. (Doc. 12). Salson has now complied with the Court's directive.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink stops working or directs the user to some other site does not affect the opinion of the Court.

Because Cartegena's medical expenses and lost wages total less than $45,000 at the time of removal, Salson relies on her discovery responses and allegations of permanent, continuing, and future bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, hospital expense, and medical treatment to "more likely than not exceed[] the requisite jurisdictional amount." (Doc. 17 at 7-8). Salson also states, "[b]ased upon a recent conversation between counsel for the parties, it appears that the Plaintiff is still undergoing treatment and that she will be amending her prior discovery answers and/or answering discovery to be issued by this Defendant in the future to include updated medical bills and records, including treatment the Plaintiff has undergone in the last few months." (Doc. 17 at 10). Plaintiff does not oppose Salson's estimate that the amount in controversy exceeds $75,000. (Doc. 21).

It is well established that parties cannot stipulate to a court's subject matter jurisdiction. *See Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). And this Court must examine its jurisdiction. *See Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir. 2001) (stating "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises").

Using common sense and judicial experience, the Court finds that the record fails to show the amount in controversy exceeds $75,000 at the time of removal. The generic list of damages Cartegena alleges typifies a car accident suit and is speculative evidence on the amount in controversy. And beyond Salson's say so, the company presents

nothing other than the list of damages and discovery responses to make up the difference for the amount in controversy. See *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214 (11th Cir. 2007) (stating if "evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings" (citation and footnote omitted)). This Court must strictly abide by the removal statutes and must resolve all doubts on jurisdiction for remand. Because Salson has not satisfied the amount in controversy exceeds $75,000 for subject matter jurisdiction, the Court will remand this case to state court.

Accordingly, it is now

**ORDERED:**

(1) The above-captioned case is **REMANDED** to the Twentieth Judicial Circuit in and for Lee County, Florida.

(2) The Clerk of Court is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

(3) The Clerk of Court is **DIRECTED** to terminate pending motions and deadlines and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of December 2018.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record